SCHEB, Judge.
The trial court entered a judgment holding the Appellants Trimex Corporation and Maclin R. Milner, jointly and severally, liable to Appellee Connie D. Voss in respect to certain loans by appellee to Gulf Marketing, Inc. We affirm the judgment against Trimex and reverse the judgment against Milner.
The operative facts are:
Gulf Marketing, Inc. was a corporation formed in 1966. Milner, its president, together with his wife, owned 44 percent of its stock. Milner and Johnston were co-owners of certain patents to an anti-pollutant product called Trimex, being promoted by that corporation. In 1969, Gulf Marketing borrowed funds from the Appellee Connie D. Voss; this indebtedness being represented by two notes in the aggregate principal sum of $25,000. Appellee Voss testified that she loaned the money to Gulf Marketing because of the potential sales appeal of the product being developed from the Trimex patents. She relied on representations made by her ex-husband, David Voss, who was assisting Milner in raising capital for Gulf Marketing. In addition she mentioned one phone call in which she talked to Milner. From Milner’s testimony it appears some minor portion of these funds were disbursed for payment of his expenses, some of which could be construed as personal to him.
Milner and Johnston, co-owners of the Trimex patents, then transferred their patents to the Trimex Corporation, a corporation formed in January 1970, “to get some other vehicle that was debt free and put the patent rights into it.” Milner was president of Trimex and owned 51,000 of its 109,000 shares.
David Voss, then vice president of Trimex Corporation, testified that the corporation made every possible effort to pay Gulf Marketing’s obligations. It made some interest payments on the indebtedness due Appellee Voss by decision of Milner and David Voss. Milner signed corporate checks to make these payments; however, the. Board of Directors later disapproved and charged these checks against Milner’s draw. Milner testified that Trimex never assumed any of the obligations of Gulf Marketing.
Over appellant’s objection, Appellee Voss introduced a copy of a letter which contained an admission that Trimex Corporation had assumed some of Gulf Marketing’s debts. Also over appellant’s objection, an accounting sheet called “Trimex Corporation — adjusting entries,” was admitted into evidence. This accounting statement was prepared by one George Kicklighter, a C.P.A. who was a Director of Trimex and who, according to David Voss, was vested with all of Trimex’s account activities. This statement showed the assumption by Trimex Corporation of certain liabilities to appellee Voss and others. Appellants argue against admission of the latter document on basis that a sheet marked “adjusting entries” cannot be admitted in the absence of the entries being adjusted. We are aware of no authority for this proposition and cannot find that the trial court abused its discretion in this regard. Mastan Co. v. American Custom Homes, Inc., Fla.App.2d, 1968, 214 So.2d 103.
 Irrespective of the letter containing an admission that Trimex Corporation had assumed certain indebtedness of Gulf Marketing, which letter may have been improperly admitted into evidence, there was competent substantial evidence from which the trial court could properly conclude there had been an assumption by Trimex Corporation of Gulf Marketing’s notes to Appellee Voss. While the corporate machinations involved in this case are somewhat obscure, still the testimony of Appellee Voss, the financial statement, and the part payments by Trimex Corporation are probative of an assumption by Trimex. An assumption of debts can be raised by reasonable implication where the evidence as *78 to the facts and circumstances surrounding the transaction is susceptible to that conclusion. 19 Am.Jur.2d, Corporations, §§ 1549-50.
Accordingly, we find no basis for disturbing the trial judge’s conclusion as to the judgment entered against Trimex Corporation.
The appellee alleged in her complaint that Milner, along with his wife, Mary L. Milner, transferred assets from Gulf Marketing to Trimex Corporation and to themselves on a preferential basis in violation of Fla.Stat. § 608.55. Clearly, these allegations were not established. At the conclusion of the hearing the appellee agreed that a judgment could not be entered against Mary L. Milner. But appel-lee, during the trial, attempted to show that Maclin R. Milner had fraudulently conveyed assets of Gulf Marketing contrary to Fla.Stat. § 726.01. Appellants continually objected to evidence being offered in respect to any violation of Fla. Stat. § 726.01 on the grounds that such an issue was outside the pleadings. This issue was not raised by the pleadings and was not tried by the express or implied consent of the parties. The appellants may well have been prejudiced in maintaining their defenses under these circumstances. See, RCP 1.190(b). It is not necessary, however, to premise our decision as to liability vel non of Milner on this point. A careful review of the evidence, while revealing that some minor portion of the funds loaned by appellee may have inured to Milner’s personal benefit, fails to disclose any transfers contrary to Fla.Stat. § 608.-55, and also fails to reveal evidence of any fraudulent conveyances in violation of Fla.Stat. § 726.01 which could have the effect of making Milner personally liable on Gulf Marketing’s obligation to Appellee Voss. There is no competent substantial evidence on which the trial judge could have imposed a personal liability against the Appellant, Maclin R. Milner. Accordingly, the judgment against Milner must be reversed.
Affirmed in part; reversed in part.
BOARDMAN, A. C. J., and STOKES, ROBERT G., Associate Judge, concur.